IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOLLIS DEVIN MARTZ                                                                                        PLAINTIFF
ADC #155904

v.                                            1:18cv00024-JM-JJV

CHRISTOPHER BRANDON,
Lieutenant, North Central Unit; *et al.*                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Hollis Devin Martz ("Plaintiff"), an inmate at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 7.) In his Amended Complaint, he alleges Defendants Christopher Brandon, Dalton Wayne Wallace, Gilliaspie,[1] Sanders,[2] Lonny Brown, and Cooper,[3] officials at the ADC's North Central Unit, subjected him to excessive force on June 14, 2017, when he was incarcerated there, and subsequently denied him medical attention and issued him a false disciplinary.[4] (Doc. No. 7 at 6-9.) Defendants have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing this action. (Doc. Nos. 23-25.) Plaintiff

---

[1] This Defendant's name is Rick L. Gillaspie. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect his full and correct name.
[2] This Defendant's name is Bruce Sanders. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect his full name.
[3] This Defendant's name is Jeffery Cooper. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect his full name.
[4] Plaintiff's Amended Complaint included additional claims against additional Defendants, all of which were previously dismissed. (Doc. Nos. 10-11.) Plaintiff was granted leave to proceed on his excessive force and related claims arising from the June 14, 2017 incident only. (Doc. No. 11 at 1.)

has responded (Doc. No. 28), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's cause of action DISMISSED.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.     ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. Nos. 23-1, 23-2 at 1-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 23-1 at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id.* at 8.) The warden or his designee must provide a written response within twenty working days of

receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendants contend Plaintiff did not fully exhaust any grievance against them pertaining to the claims in this lawsuit. (Doc. No. 25 at 7.) In support of their argument, they submit the Declaration of Terri Grigsby, the ADC's Inmate Grievance Supervisor. (Doc. No. 23-2.) According to her testimony, Plaintiff did not exhaust any grievance against Defendants pertaining to these claims from the time of the incidents complained of in the Amended Complaint until the filing of the Amended Complaint. (*Id*. at 3.) She notes Plaintiff did file several grievances before, during, and after that time period that did not relate to the claims that are the subject of this lawsuit. (*Id*. at 3-6.)

My own review of the grievances – which have been submitted in support of Defendants' Motion and some of which were also attached as exhibits to Plaintiff's Amended Complaint – confirms that none related to the claims at issue here. The grievances are as follows: NC-16-00995, pertaining to an injured tooth caused by a rock in Plaintiff's food (Doc. No. 23-3); NC-17-00277, regarding a workbook that had been taken from Plaintiff (Doc. No. 23-4); NC-17-00357, concerning the return of Plaintiff's legal mail (Doc. No. 7 at 16-21, Doc. No. 23-5); NC-17-00386,

regarding the allegedly untimely acknowledgement of grievance NC-17-00357 (Doc. No. 7 at 22-26, Doc. No. 23-6); NC-17-00450, regarding Plaintiff being told not to come to "diabetic handicap chow" (Doc. No. 7 at 27-32, Doc. No. 23-8); NC-17-00460, pertaining to the allegedly untimely response to grievance NC-17-00277 (Doc. No. 23-7); NC-17-00481, concerning an alleged conspiracy to "intentionally obstruct [Plaintiff's] prisoners right to seek redress of grievances" (Doc. No. 7 at 33-38, Doc. No. 23-14); NC-17-00582, regarding Plaintiff's inability to get a fair trial (Doc. No. 23-15); NC-17-00592, alleging interference with Plaintiff's legal mail and his use of the grievance procedure (Doc. No. 7 at 39-43, Doc. No. 23-10); NC-17-00612, alleging interference with Plaintiff's commissary order (Doc. No. 23-11); and RLW-18-00063, concerning the timing of Plaintiff's trial (Doc. No. 23-13). Plaintiff also filed NC-17-00573, in which he made allegations of excessive force and a subsequent denial of medical attention; however, this grievance explicitly referred to an unrelated incident occurring on July 23, 2017, not the incident of June 14, 2017, that is at issue here. (Doc. No. 7 at 94-96, Doc. No. 23-9.) Similarly, in NC-17-00621, Plaintiff complained about having been charged a medical co-pay due to a "staff-initiated injury"; again, this grievance clearly pertained to the July 23, 2017 incident. (Doc. No. 7 at 44-50, Doc. No. 23-12.) All of Plaintiff's claims relating to the incident of July 23, 2017, were previously dismissed from this lawsuit. (Doc. Nos. 10-11.)

In response to Defendants' Motion, Plaintiff contends Administrative Directive 14-16 has been revised and superseded. (Doc. No. 28 at 1.) But it is clear from the face of the Directive itself that it became effective on April 11, 2014, and it is clear from Ms. Grigsby's testimony that it was in effect at the time of Plaintiff's allegations in 2017 and leading up to the filing of his Amended Complaint on April 19, 2018. (Doc. Nos. 23-1 at 1, 23-2 at 1-2.) Plaintiff's remaining arguments in response – including that the disciplinary issued against him was false and that he

did not resist during the use of force (Doc. No. 28 at 3-4) – address the merits of his claims rather than the issue of exhaustion.

The evidence plainly shows Plaintiff failed to fully exhaust any grievance against Defendants pertaining to the claims in this lawsuit. Therefore, he failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 23) should be GRANTED, and Plaintiff's claims should be DISMISSED.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 23) be GRANTED.

2. Plaintiff's remaining claims be DISMISSED without prejudice for failure to exhaust administrative remedies, and his cause of action (Doc. No. 7) be DISMISSED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of July, 2018.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE